## FRANCO et al. v. SEAS SHIPPING CORPORATION, Inc.

(District Court, D. Maryland. April 15, 1921.)

1. **Seamen �kö=11—Statute relative to payment of hospital expenses not limited to passenger vessels.**

Act Dec. 26, 1920, providing that alien seamen found to be afflicted with certain diseases shall be placed in a hospital, and that the expenses shall be borne by the shipowner, etc., and not deducted from the seamen's wages, is not limited to passenger vessels.

2. **Constitutional law ⊛=70(3)—Courts may not substitute judgment for that of Congress.**

While, without explanation, it may seem unfair to impose on shipowners the duty of paying hospital bills to cure seamen of diseases due to their own vices, as is done by Act Dec. 26, 1920, the courts may not substitute their judgment for that of Congress.

3. **Seamen ⊛=33—Penalty for delay in payment not imposed, when due to question as to liability for hospital expenses.**

Where a shipowner refused to pay the wages of seamen without deduction of the amount paid for hospital expenses, under Act Dec. 26, 1920, but united with the seamen in bringing the question of liability to the attention of the court at the earliest possible moment, damages or a penalty will not be imposed for the delay in paying the wages.

In Admiralty. Libel by Cornelius Franco and another against the Seas Shipping Corporation, Incorporated. Libel sustained in part, and dismissed in part.

J. Marsh Matthews, of Baltimore, Md., for libelants.
Janney, Stuart & Ober, of Baltimore, Md., for respondent.

ROSE, District Judge. The libelants are alien seamen, who were employed as part of the crew of the American steam freighter Robin Hood. On arrival in the United States, each of them was found to be suffering from a venereal disease. They were ordered to a hospital in compliance with the terms of the act approved December 26, 1920, and were there treated. Upon their discharge from the hospital, they demanded their full wages, but the ship insisted on its right to deduct the amount of the hospital bills which it owed for their treatment from the wages due them. In this libel they seek to recover their wages, without deduction, and also to recover compensation at the rate of two days' wages for one for delay in making payment.

[1, 2] It is suggested on behalf of the ship that the act in question is nothing but an amendment to the earlier Immigration Act of 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 959, 960, 4289¼a–4289¼u), which was by its terms limited to passenger vessels, which the Robin Hood was not. I can see nothing in the terms of the act of December 26, 1920, to sustain this contention. It is true that, without explanation of the reasons for such legislation, it may seem unfair for the Congress to impose upon the owners of ships the duty of paying hospital bills to cure alien seamen of diseases due to their own vices, but the courts may not substitute their judgment for that of Congress.

⊛=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The act declares that all expenses connected with the hospital treatment, as well as some other things, shall be borne by the owner, agent, consignee, or master of the vessel "and not to be deducted from the seamen's wages." Such language is too clear to require construction.

[3] On the other hand, in this case, the imposition upon the ship of what is in fact a penalty for delay in payment would be a hard measure for the vessel owner. The requirement that it, rather than the seamen, should pay such charges naturally seems to it against common right. The Shipping Board itself has officially held that a limited construction should be put upon the statute.

Under such circumstances, the owner, before making payment, was justified in asking for a judicial determination. It united with the libelants in bringing the question to the attention of the court at the earliest possible moment.

The libel will be sustained in so far as it requires the payment of the wages in full without deduction for the hospital charges, and it will be dismissed in so far as it asks damages or penalty, for delay in paying the wages.

The costs will be upon the respondent.